UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANELLE CASTELL,

        Plaintiff,

v.

        Case No. 04-71766
        Hon. Gerald E. Rosen
        Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER REGARDING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 29, 2005

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

On May 17, 2005, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Shanelle Castell's Motion for Summary Judgment and grant the Defendant Commissioner of Social Security's Motion for Summary Judgment. Plaintiff filed objections to the R & R on May 28, 2005. Upon reviewing the R & R, Plaintiff's objections, and the record as a whole, the Court finds merit in one of Plaintiff's objections, and concludes that this matter should be remanded to the Defendant Commissioner for further proceedings.

As observed by the Magistrate Judge, the Administrative Law Judge ("ALJ") who

presided over the second of the two administrative hearings in this case found that Plaintiff was capable of performing her past relevant work as a medical records clerk.  In the alternative, the ALJ found that Plaintiff was capable of performing a significant range of sedentary work.  As to the latter, the Magistrate Judge concludes, and the Court agrees, that this finding improperly rested upon a hypothetical question posed to the vocational expert in the earlier administrative hearing, without regard for subsequent developments in the evidentiary record that rendered this question ambiguous, at the very least, in the context of the later administrative hearing.  Nonetheless, the Magistrate Judge suggests that any such error was harmless, as substantial evidence supports the ALJ's alternative finding that Plaintiff was capable of performing her past relevant work as a medical records clerk.

Yet, as Plaintiff points out in her objections, there is an evident inconsistency between the ALJ's determination of Plaintiff's residual functional capacity ("RFC"), on one hand, and the ALJ's conclusion that Plaintiff could perform her past relevant work, on the other.  As to the former, the ALJ found that Plaintiff had the RFC to "lift and carry no more than 10 pounds at a time" and to "sit approximately 6 hours in an 8 hour day," and that she "requires an option to sit or stand as needed."  (Admin. Record at 21.)  As to the latter, the ALJ noted the vocational expert's testimony that Plaintiff's past work as a medical records clerk typically entailed lifting less than 10 pounds, so that this job would be consistent with the lifting aspect of Plaintiff's RFC.  (See id.)  This led the ALJ to conclude that Plaintiff could perform her past relevant work as a medical records clerk.

As Plaintiff correctly observes, however, this finding overlooks the remaining portion of the ALJ's RFC determination — namely, that Plaintiff could perform only those jobs where she could sit for 6 hours of an 8-hour day, and where she could sit or stand as needed.  The vocational expert testified, and Plaintiff confirmed in her testimony, that her past job as a medical records clerk was not compatible with these limitations.  In particular, the vocational expert stated that such a job typically entails a significant amount of standing, walking, and moving around, so that a medical records clerk typically would be "on [her] feet greater than two hours out of an eight-hour day." (Admin. Record at 365.)  The vocational expert further testified that this job is characterized as "light" versus sedentary because of the "length of time on one's feet," as opposed to the amount of weight to be lifted.  (Id. at 366.)  Similarly, Plaintiff testified that "the only time I was seated" in her job as a medical records clerk was "when someone had to go to lunch break," during which time "they would sit me down to answer the phones just for an hour."  (Id. at 357.)

To be sure, the ALJ need not have concluded that Plaintiff was so limited in her ability to remain on her feet during the workday.  Plaintiff's claim of limitation in this regard was based primarily on the fatigue caused by her medications, and the Magistrate Judge properly notes the limited evidence, at best, that Plaintiff "actually suffered from the underlying limitations for which she alleged a need for prescription drugs."  (R & R at

17.)[1]  Nonetheless, the ALJ *did* include this limitation in his determination of Plaintiff's RFC.  Thus, the ALJ's determination that Plaintiff could perform her past relevant work as a medical records clerk must be measured against this RFC assessment.  Because the two are inconsistent, the Court cannot say that the ALJ's decision is supported by substantial evidence.

This leaves only the question whether the Court should remand for an award of benefits or for further proceedings.  While the Magistrate Judge properly identified an ambiguity in the hypothetical questioning of the vocational expert, the Court is unable to predict with any confidence what the outcome would have been if this questioning had been clearer as to the precise nature and extent of Plaintiff's limitations and the possible side effects of her medication.  Under these circumstances, where there is "no clear entitlement to benefits on the record as it now stands," the Court finds it appropriate to remand this case for further administrative proceedings.  Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994).

Accordingly,

---

[1]Notably, while this might well have been an appropriate basis for discounting Plaintiff's testimony regarding her impairments, the ALJ cited a different reason for questioning Plaintiff's credibility.  Specifically, the ALJ found that Plaintiff's claimed impairments could not be fully squared with her testimony regarding her "extensive" daily activities. (Admin. Record at 21.)  While this might well be an accurate characterization of Plaintiff's testimony at the first administrative hearing, her testimony at the more recent hearing described far more limited daily activities.  As Plaintiff pointed out in her summary judgment motion, this passage of the ALJ's decision is repeated verbatim from the prior ALJ's decision, (compare id. at 21, 175), despite the significant differences in the evidentiary records and testimony in the two rounds of administrative proceedings.  It is debatable, then, whether the ALJ identified a proper basis for discounting Plaintiff's credibility.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's May 17, 2005 Report and Recommendation is ADOPTED in part and REJECTED in part, in accordance with the rulings in this Opinion and Order. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED IN PART, and that Defendant's Motion for Summary Judgment is DENIED.

                                              s/Gerald E. Rosen
                                              Gerald E. Rosen
                                              United States District Judge

Dated: September 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2005, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager